UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Alan Schwartz,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>IAM District 141 and United Airlines,<br><br>　　　　　　　Defendants. | Case No. 17-cv-0717 (WMW/KMM)<br><br>**AMENDED<br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

  This matter is before the Court on the March 19, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez, (Dkt. 49), which recommends granting Defendant United Airlines's motion to dismiss Plaintiff Robert Alan Schwartz's complaint for lack of subject-matter jurisdiction as to United because Schwartz's claims are preempted by the Railway Labor Act (RLA), 45 U.S.C. § 184. Schwartz filed timely objections to the R&R. For the reasons addressed below, the Court overrules Schwartz's objections and adopts the R&R.

## BACKGROUND[1]

  Schwartz worked for United as a ramp agent at the Minneapolis-St. Paul International Airport. After Schwartz returned to work following a medical leave, Schwartz's supervisor accused Schwartz of forging work restrictions on a work-status form. United conducted an investigation and ultimately terminated Schwartz's

---

[1]   Additional factual background is addressed in the R&R.

employment. Defendant IAM[2] District 141, a union of which Schwartz was a member, declined to appeal the termination of Schwartz's employment to the relevant review board. Schwartz thereafter filed this lawsuit, alleging that the process Defendants followed that resulted in the termination of his employment violated the terms of a binding collective bargaining agreement. United moves to dismiss Schwartz's complaint under Rule 12(b)(1), Fed. R. Civ. P., arguing that the Court lacks subject-matter jurisdiction because Schwartz's claims are preempted by the RLA. The R&R recommends granting United's motion.

## ANALYSIS

United moves to dismiss Schwartz's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When, as here, a motion to dismiss relies solely on the allegations in a complaint, Schwartz, the non-moving party, receives the same protections as he would defending against a motion to dismiss. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). To survive a motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the complaint states such a claim, a district court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

Air carriers are subject to the RLA. 45 U.S.C. § 184. The United States Court of Appeals for the Eighth Circuit has determined that the RLA preempts federal

---

[2]   IAM is an acronym for the International Association of Machinists and Aerospace Workers union.

subject-matter jurisdiction over "minor" disputes and requires mandatory arbitration. *Pittari v. Am. Eagle Airlines*, 468 F.3d 1056, 1060 (8th Cir. 2006). A dispute that requires the application of a collective bargaining agreement to a specific factual situation is a "minor" dispute. *See Bloemer v. Nw. Airlines, Inc.*, 401 F.3d 935, 938-39 (8th Cir. 2005); *Gilmore v. Nw. Airlines, Inc.*, 504 F. Supp. 2d 649, 653 (D. Minn. 2007). A dispute between an employee and an airline is presumed to be minor. *See Bloemer*, 401 F.3d at 939.

There are four common exceptions to RLA preemption—the hybrid exception, the repudiation exception, the futility exception, and the *Childs* exception. *Martin v. Am. Airlines, Inc.*, 390 F.3d 601, 607-08 (8th Cir. 2004). The hybrid exception requires allegations of collusion between an airline and a union. *See Martin*, 390 F.3d at 608 (hybrid exception). The futility exception applies when circumstances indicate that administrative review of a claim would prove fruitless. *Glover v. St. Louis-S.F. Ry. Co.*, 393 U.S. 324, 325-27 (1969). The repudiation exception applies when an employer allegedly abandons contractually mandated grievance procedures. *Martin*, 390 F.3d at 608. The *Childs* exception applies when a union allegedly breaches its duty of fair representation by causing an employee to lose the opportunity to obtain meaningful relief before the relevant review board. *Id.* at 609 (citing *Childs v. Pa. Fed'n Bhd. of Maint. Way Emps.*, 831 F.2d 429 (3d Cir. 1987)).

The R&R recommends granting United's motion to dismiss for lack of subject-matter jurisdiction because Schwartz's complaint alleges a minor dispute that is preempted by the RLA and because no exception to preemption applies. Schwartz objects to the R&R, arguing that the union is too selective when determining which grievances to

3

appeal, that he never received a clear explanation addressing why his dispute was not appealed, and that his dispute should be submitted to arbitration. Schwartz separately contends—for the first time—that United terminated his employment in retaliation for an e-mail Schwartz wrote to United's CEO complaining about United's conduct. The Court reviews these objections de novo. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Because Schwartz's complaint seeks the application of a collective bargaining agreement to specific conduct, the RLA preempts federal subject-matter jurisdiction over this dispute unless Schwartz establishes an exception to preemption. Even when liberally construed, Schwartz's objections to the R&R fail to do so. Schwartz's argument that either the union is overly selective in appealing grievances or that the union failed to clearly explain its decision-making to Schwartz is insufficient to establish an exception to preemption. *See, e.g.*, *Smith v. United Parcel Serv., Inc.*, 96 F.3d 1066, 1068 (8th Cir. 1996) (explaining that the *Childs* exception requires more than mere negligence, poor judgment, or ineptitude); *Bautista v. Pan. Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (explaining that plaintiff's disagreement with a union's assessment of the merits of plaintiff's wrongful-termination claim did not support applying the futility exception to RLA preemption). Schwartz's argument that his dispute should be submitted to arbitration also does not qualify as an exception to preemption. *See Smith v. Am. Airlines, Inc.*, 414 F.3d 949, 953 (8th Cir. 2005) (recognizing that a plaintiff seeking judicial assistance in compelling arbitration is insufficient to establish the repudiation exception to preemption). Finally, the Court will not consider Schwartz's allegation of retaliation because it is not alleged in Schwartz's complaint and was not argued to the magistrate judge. *See Hylla v.*

*Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921-22 (8th Cir. 2008) (holding that a party may not present new legal arguments or theories in an objection to an R&R). Accordingly, Schwartz's objections to the R&R are overruled.

The Court also reviews for clear error those portions of the R&R to which no objections have been made. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder*, 73 F.3d at 795. Having completed this review, the Court concludes that the R&R is neither clearly erroneous nor contrary to law.

## ORDER

Based on the foregoing analysis, the March 19, 2018 Report and Recommendation, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Robert Alan Schwartz's objections to the Report and Recommendation, (Dkts. 50, 51), are **OVERRULED**;

2. The March 19, 2018 Report and Recommendation, (Dkt. 49), is **ADOPTED**;

3. Defendant United Airlines's motion to dismiss, (Dkt. 38), is **GRANTED**; and

4. Plaintiff Robert Alan Schwartz's claims against United, (Dkt. 10), are **DISMISSED WITHOUT PREJUDICE**.


Dated: June 4, 2018                                     s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge